1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   C&S WHOLESALE GROCERS, INC., a          No.  2:13-cv-01413-TLN-AC
     Vermont corporation, on behalf of Estate of
12   DeLano Retail Partners, LLC,

13              Plaintiff,                    **ORDER OF NON-RELATED CASES**

14        v.

15   HARLEY DELANO, an individual;
     DENNIS DELANO, an individual;
16   JOSEPH NERI, an individual; 2040
     FAIRFAX, INC., a California corporation;
17   and DOES 1 through 25,

18              Defendant.

19

20

21        The Court is in receipt of the Plaintiff's Notice of Related Cases.  (ECF No. 7.)  The Court

22   declines to relate the above-captioned case to the cases identified in the Plaintiff's Notice of

23   Related Cases based on the papers currently before it.

24        This denial, however, is without prejudice to the parties to file a stipulation or for the

25   Plaintiff to file a properly noticed motion requesting referral of this case to the United States

26   Bankruptcy Court Eastern District of California.  *See In re Mitchell*, 206 B.R. 204, 210 (Bankr.

27   C.D. Cal. 1997) (finding the proper procedure to request a district court to transfer a lawsuit to a

28   bankruptcy judge of the same district is to move to refer that lawsuit to the bankruptcy court);

1

1    *LFP IP LLC v. Midway Venture LLC*, No. SACV 10-01546 DOC (MLGx), 2010 WL 4395401, at

2    *1 (C.D. Cal. Oct. 29, 2010) (same); *see also* General Order No. 182 May 14, 1985, *available at*

3    http://www.caed.uscourts.gov/caed/DOCUMENTS/GeneralOrders/182.pdf (providing for referral

4    of bankruptcy cases); General Order No. 223 Oct. 22, 1987, *available at*

5    http://www.caed.uscourts.gov/caed/DOCUMENTS/GeneralOrders/223.pdf (reaffirming General

6    Order 182).

7            Any such stipulation or motion should address whether the bankruptcy court has already

8    determined the claims in this action to be "core" or "non-core."  *See* 28 U.S.C. § 157(b)(3) ("The

9    bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party,

10   whether a proceeding is a core proceeding under this subsection.").  When the bankruptcy court

11   has not made that determination, remand to that court is appropriate.  *Willms v. Sanderson*

12   *Communities, Inc.*, No. CIV. S–07–2366 LKK/GGH, 2009 WL 728464, *1 (E.D. Cal. Mar.19,

13   2009); *In re International Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994) ("We need not decide

14   whether Robertson's antitrust claim would have qualified as a core proceeding, a determination to

15   be made in the first instance by the bankruptcy court."); *In re Coupon Clearing Serv., Inc.*, 113

16   F.3d 1091, 1097 (9th Cir. 1997) ("The bankruptcy court makes the initial determination whether a

17   case is a core proceeding or an otherwise related proceeding.").

18           Additionally, the parties should anticipate potential jurisdiction issues, and, if appropriate,

19   address them in the stipulation or motion.  *See, e.g.*, *Stern v. Marshall*, 131 S. Ct. 2594 (2011);

20   *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989).

21           **IT IS SO ORDERED.**

22           Dated:        July 29, 2013

23

24                                                                   _____

25                                                                   Troy L. Nunley
                                                                     United States District Judge

26

27

28

                                                      2