MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MATTHEW J. ADLER (SBN 273147)
matthew.adler@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA  94105-2235
Telephone:    (415) 591-7500
Facsimile:     (415) 591-7510

Attorneys for Plaintiff
C&S WHOLESALE GROCERS, INC., on behalf of
Estate of DeLano Retail Partners, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&S WHOLESALE GROCERS, INC., a Vermont corporation, on behalf of Estate of DeLano Retail Partners, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>HARLEY DELANO, an individual; DENNIS DELANO, an individual; JOSEPH NERI, an individual; 2040 FAIRFAX, INC., a California corporation; and DOES 1 through 25,<br><br>　　　　　　　Defendants. | Case No. 2:13-cv-01413-TLN-AC<br><br>**STIPULATION AND ORDER TO REFER CASE** |

1    WHEREAS, on July 15, 2013, Plaintiff C&S Wholesale Grocers, Inc. ("CSWG") filed a
2 Complaint in this action on behalf of the bankruptcy Estate of DeLano Retail Partners, LLC
3 ("DRP") and against Defendants Harley DeLano, Dennis DeLano, Joseph Neri, and 2040 Fairfax,
4 Inc (collectively "Defendants");

5    WHEREAS, CSWG filed the Complaint in this action pursuant to a ruling made by the
6 United States Bankruptcy Court, Eastern District of California ("Bankruptcy Court") at a June 18,
7 2013 hearing in DRP's pending Chapter 7 bankruptcy proceedings (*In re DeLano Retail Partners,*
8 *LLC*, Case No. 11-37711-B-7), wherein the Bankruptcy Court granted the Trustee's Motion for
9 Approval of Compromise of Controversies, Including Approval of Stipulation and Sale of Estate
10 Assets (D.E. 119, Case No. 11-37711-B-7);

11   WHEREAS, before CSWG filed the Complaint in this action, the parties met and
12 conferred to stipulate that the Bankruptcy Court would have plenary jurisdiction over this action
13 if filed in the first instance in the Bankruptcy Court;

14   WHEREAS, as the parties could not reach agreement on this point, CSWG filed the
15 Complaint in this Court in the first instance;

16   WHEREAS, on July 17, 2013, CSWG filed a Notice of Related Cases in this action to
17 direct this Court's attention to DRP's bankruptcy proceedings and CSWG's Adversary
18 Proceeding against the Defendants herein (*C&S Wholesale Grocers, Inc. v. Harley DeLano et al.*,
19 Adversary Proceeding No. 12-02686-B), both of which are currently pending before the
20 Honorable Thomas C. Holman in the Bankruptcy Court;

21   WHEREAS, since the filing of the Notice of Related Cases, the parties herein have agreed
22 that this action is indeed "related," within the meaning of Local Rule 123, to the two above-
23 referenced matters currently pending before Judge Holman in the Bankruptcy Court;

24   WHEREAS, the parties further agree that this action is properly referred to the
25 Bankruptcy Court pursuant to Part 1.01 of this Court's General Order No. 182, which states "all
26 proceedings arising under Title 11 [of the United States Code] or arising in or related to cases
27 under Title 11" shall be referred to the Bankruptcy Judges of this District;

28   WHEREAS, on July 25, 2013, Judge Holman entered the Order attached hereto as Exhibit

1  A, which formally grants the Trustee's above-referenced Motion and requires CSWG to actually
2  prosecute and reasonably pursue the claims of the Estate of DRP (D.E. 125, Case No. 11-37711-
3  B-7);
4      WHEREAS, in the interest of compliance with the July 25, 2013 Order of the Bankruptcy
5  Court, the parties herein have agreed to submit this Stipulation to effect a prompt reassignment of
6  this action to the Bankruptcy Court in accordance with General Order No. 182, but without
7  waiver of any other positions, rights, claims, or defenses, including any jurisdictional defenses;
8      WHEREAS, by Order filed July 30, 2013 (D.E. 9), this Court declined to relate this case,
9  without prejudice to the parties to file a stipulation or motion to refer this action to the
10 Bankruptcy Court;
11     THEREFORE, IT IS HEREBY STIPULATED by and between the parties and their
12 respective counsel as follows:
13     1. Pursuant to General Order No. 182 and the agreement of the parties, this action should
14 be referred to the Bankruptcy Court, for assignment to Judge Holman;
15     2. Pursuant to the Court's inquiry (see July 30, 2013 Order at 2:7-8), the Bankruptcy
16 Court has not yet made a determination as to whether the claims in this action are "core" or "non-
17 core," within the meaning of 28 U.S.C. Section 157(b)(3); and
18     3. Pursuant to the Court's further inquiry (see July 30, 2013 Order at 2:18-19), the parties
19 note that issues related to jurisdiction may be addressed by the Supreme Court of the United
20 States in *Executive Benefits Insurance Agency v. Arkison (In re Bellingham Insurance Agency,*
21 *Inc.)*, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, 81 U.S.L.W. 3582 (U.S. June 24, 2013) (No.
22 12-1200).  The parties reserve their respective positions, including their positions regarding
23 jurisdiction.  In the interim, this action is appropriately referred to the Bankruptcy Court.
24     IT IS SO STIPULATED.
25
26
27
28

| | |
|---|---|
| Dated: July 31, 2013 | DRINKER BIDDLE & REATH LLP |
| | By: */s/ Michael J. Stortz* <br> Michael J. Stortz |
| | Attorneys for Plaintiff <br> C&S Wholesale Grocers, Inc., on behalf of Estate of DeLano Retail Partners, LLC |
| Dated: July 31, 2013 | KORNFIELD, NYBERG, BENDES & KUHNER, P.C. |
| | By: */s/ Eric A. Nyberg* <br> (as authorized on July 31, 2013) <br> Eric A. Nyberg |
| | Attorneys for Defendants <br> 2040 Fairfax Inc., Harley DeLano, and Dennis DeLano |
| Dated: July 31, 2013 | By: */s/ Joseph M. Neri* <br> (as authorized on July 31, 2013) <br> Joseph M. Neri |
| | Defendant in Pro. Per. |

## **ORDER**

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: August 2, 2013

_____
Troy L. Nunley
United States District Judge