1  MICHAEL J. STORTZ (SBN 139386)
   michael.stortz@dbr.com
2  MATTHEW J. ADLER (SBN 273147)
   matthew.adler@dbr.com
3  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
4  San Francisco, CA  94105-2235
   Telephone:    (415) 591-7500
5  Facsimile:    (415) 591-7510

6  Attorneys for Plaintiff
   C&S WHOLESALE GROCERS, INC., on behalf of
7  Estate of DeLano Retail Partners, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| C&S WHOLESALE GROCERS, INC., a Vermont corporation, on behalf of Estate of DeLano Retail Partners, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>HARLEY DELANO, an individual; DENNIS DELANO, an individual; JOSEPH NERI, an individual; 2040 FAIRFAX, INC., a California corporation; and DOES 1 through 25,<br><br>                Defendants. | Case No. 2:13-cv-01413-TLN-AC<br><br>**STIPULATION AND ORDER TO REFER CASE** |
|---|---|

1   WHEREAS, on July 15, 2013, Plaintiff C&S Wholesale Grocers, Inc. ("CSWG") filed a
2   Complaint in this action on behalf of the bankruptcy Estate of DeLano Retail Partners, LLC
3   ("DRP") and against Defendants Harley DeLano, Dennis DeLano, Joseph Neri, and 2040 Fairfax,
4   Inc (collectively "Defendants");

5   WHEREAS, CSWG filed the Complaint in this action pursuant to a ruling made by the
6   United States Bankruptcy Court, Eastern District of California ("Bankruptcy Court") at a June 18,
7   2013 hearing in DRP's pending Chapter 7 bankruptcy proceedings (*In re DeLano Retail Partners,*
8   *LLC*, Case No. 11-37711-B-7), wherein the Bankruptcy Court granted the Trustee's Motion for
9   Approval of Compromise of Controversies, Including Approval of Stipulation and Sale of Estate
10  Assets (D.E. 119, Case No. 11-37711-B-7);

11  WHEREAS, before CSWG filed the Complaint in this action, the parties met and
12  conferred to stipulate that the Bankruptcy Court would have plenary jurisdiction over this action
13  if filed in the first instance in the Bankruptcy Court;

14  WHEREAS, as the parties could not reach agreement on this point, CSWG filed the
15  Complaint in this Court in the first instance;

16  WHEREAS, on July 17, 2013, CSWG filed a Notice of Related Cases in this action to
17  direct this Court's attention to DRP's bankruptcy proceedings and CSWG's Adversary
18  Proceeding against the Defendants herein (*C&S Wholesale Grocers, Inc. v. Harley DeLano et al.*,
19  Adversary Proceeding No. 12-02686-B), both of which are currently pending before the
20  Honorable Thomas C. Holman in the Bankruptcy Court;

21  WHEREAS, since the filing of the Notice of Related Cases, the parties herein have agreed
22  that this action is indeed "related," within the meaning of Local Rule 123, to the two above-
23  referenced matters currently pending before Judge Holman in the Bankruptcy Court;

24  WHEREAS, the parties further agree that this action is properly referred to the
25  Bankruptcy Court pursuant to Part 1.01 of this Court's General Order No. 182, which states "all
26  proceedings arising under Title 11 [of the United States Code] or arising in or related to cases
27  under Title 11" shall be referred to the Bankruptcy Judges of this District;

28  WHEREAS, on July 25, 2013, Judge Holman entered the Order attached hereto as Exhibit

1  A, which formally grants the Trustee's above-referenced Motion and requires CSWG to actually

2  prosecute and reasonably pursue the claims of the Estate of DRP (D.E. 125, Case No. 11-37711-

3  B-7);

4        WHEREAS, in the interest of compliance with the July 25, 2013 Order of the Bankruptcy

5  Court, the parties herein have agreed to submit this Stipulation to effect a prompt reassignment of

6  this action to the Bankruptcy Court in accordance with General Order No. 182, but without

7  waiver of any other positions, rights, claims, or defenses, including any jurisdictional defenses;

8        WHEREAS, by Order filed July 30, 2013 (D.E. 9), this Court declined to relate this case,

9  without prejudice to the parties to file a stipulation or motion to refer this action to the

10  Bankruptcy Court;

11        THEREFORE, IT IS HEREBY STIPULATED by and between the parties and their

12  respective counsel as follows:

13        1. Pursuant to General Order No. 182 and the agreement of the parties, this action should

14  be referred to the Bankruptcy Court, for assignment to Judge Holman;

15        2. Pursuant to the Court's inquiry (see July 30, 2013 Order at 2:7-8), the Bankruptcy

16  Court has not yet made a determination as to whether the claims in this action are "core" or "non-

17  core," within the meaning of 28 U.S.C. Section 157(b)(3); and

18        3. Pursuant to the Court's further inquiry (see July 30, 2013 Order at 2:18-19), the parties

19  note that issues related to jurisdiction may be addressed by the Supreme Court of the United

20  States in *Executive Benefits Insurance Agency v. Arkison (In re Bellingham Insurance Agency,*

21  *Inc.)*, 702 F.3d 553 (9th Cir. 2012), *cert. granted*, 81 U.S.L.W. 3582 (U.S. June 24, 2013) (No.

22  12-1200).  The parties reserve their respective positions, including their positions regarding

23  jurisdiction.  In the interim, this action is appropriately referred to the Bankruptcy Court.

24        IT IS SO STIPULATED.

25

26

27

28

| | |
|---|---|
| Dated: July 31, 2013 | DRINKER BIDDLE & REATH LLP |
| | |
| | By: */s/ Michael J. Stortz* |
| |     Michael J. Stortz |
| | |
| | Attorneys for Plaintiff<br>C&S Wholesale Grocers, Inc., on behalf of<br>Estate of DeLano Retail Partners, LLC |

Dated: July 31, 2013                    KORNFIELD, NYBERG, BENDES & KUHNER, P.C.

By: */s/ Eric A. Nyberg*
   (as authorized on July 31, 2013)
   Eric A. Nyberg

Attorneys for Defendants
2040 Fairfax Inc., Harley DeLano, and Dennis DeLano

Dated: July 31, 2013                    By: */s/ Joseph M. Neri*
   (as authorized on July 31, 2013)
   Joseph M. Neri

Defendant in Pro. Per.

## **ORDER**

Pursuant to Stipulation, IT IS SO ORDERED.

Dated: August 2, 2013

    Troy L. Nunley
    United States District Judge